UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEITH SHANON HOOVER,<br><br>        Petitioner,<br>v.<br><br>NV. BD. OF PAROLE COMMISSIONERS, et al.,<br><br>        Respondents. | Case No. 3:14-cv-00021-MMD-WGC<br><br>ORDER |

   This habeas matter by a Nevada state inmate comes before the Court on petitioner's application (dkt. no. 1) to proceed *in forma pauperis* and for initial review. The pauper application will be granted, and the Court thus proceeds to initial review.

   Petitioner has not properly commenced this action by filing the petition on the required petition form. Under Local Rule LSR 3-1, petitioner must file a § 2254 petition on the Court's required § 2254 petition form. Petitioner filed a nearly entirely handwritten petition in which he invokes 28 U.S.C. § 2241. However, the determination of whether a petitioner must proceed under § 2254 rather than § 2241 is a status inquiry directed to the source of the petitioner's custody rather than the target of his challenge. *See, e.g., Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). Petitioner is in custody pursuant to a Nevada state conviction. The fact that he challenges a recent parole revocation administrative decision does not lead to the conclusion that his petition arises under § 2241 rather than § 2254. He therefore must file his petition on the Court's required § 2254 petition form.

Correction of this deficiency in commencing this action following a dismissal without prejudice will not result in a promptly filed new action being untimely or otherwise result in substantial prejudice.

In this regard, petitioner challenges an October 15, 2013, administrative decision following his arrest for alleged parole violations on September 6, 2013, such that substantial time remains in the one-year federal limitation period applicable to the action.[1]

Also in this regard, petitioner has presented a motion for a temporary restraining order and preliminary injunction. However, it is clear from both the face of petitioner's papers and a review of the online docket records of the Supreme Court of Nevada that petitioner has not exhausted his federal claims in appropriate state judicial proceedings through to a decision on the merits in that court.[2] Further, to the extent that petitioner relies upon alleged violations of Nevada state law, he fails to state a claim for federal habeas relief to that extent. Finally, temporary and preliminary injunctive relief directing a release from state custody generally is not available in a federal habeas action in advance of a decision on the merits of the petition. Accordingly, a dismissal of the present action without prejudice without a grant of temporary or preliminary injunctive relief will not result in substantial legally cognizable prejudice.

It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 1) is granted, such that petitioner will not be required to pay the filing fee.

///

///

---

[1] Petitioner at all times remains responsible for calculating the running of all applicable state and federal limitation periods and properly commencing an appropriate action.

[2] Petitioner refers to a November 14, 2013, letter by the Nevada Board of Parole Commissioners denying petitioner's request for reconsideration of its parole violation action from its October 15, 2013, hearing. Compare dkt. no. 1-1, at electronic docketing page 4 with *id.*, at electronic docketing page 21. The November 14, 2013, letter does not establish that petitioner has pursued appropriate state judicial proceedings through to a decision on the merits of his federal claims by the Supreme Court of Nevada.

2

It is further ordered that the action shall be dismissed without prejudice to the filing of a new petition on the required petition form in a new action with a new pauper application.

It is further ordered that all motions and requests for relief accompanying the petition are denied.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the dismissal of this improperly commenced action without prejudice to the filing of a new petition in a new action to be debatable or wrong, given the absence of any substantial legally cognizable prejudice from the dismissal without prejudice. See text, *supra*, at 2.

The Clerk of Court shall send petitioner a copy of the papers that he filed along with the § 2254 petition and pauper forms and instructions for both forms.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 15th day of January 2014.

---
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE